UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| PAUL LINZEL CLAWSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARTER CO. JAIL, )<br>)<br>Defendant. )<br>) | No. 2:14-CV-239-JRG-MCLC |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2] filed by Paul Linzel Clawson a prisoner at the Carter County Detention Center. On March 20, 2017, the Court entered an Order advising Plaintiff that his motion for leave to proceed *in forma pauperis* was deficient, as the application was not accompanied by a certified copy of his inmate trust account for the previous six-month period [Doc. 4 (citing 28 U.S.C. § 1915(a)(2))]. The Court advised Plaintiff that he "shall . . . pay the full filing fee or . . . submit his certified trust account statement" within thirty days from the date of the Court's Order [*Id*.]. The Court further advised Plaintiff that, "if he fail[ed] to comply fully with this Order within the time required, the Could shall presume that he is not a pauper, will assess the full filing fee, and will not reinstate the case, even if Plaintiff later pays the fee or requests pauper status." [*Id*.].

The Order was mailed to Plaintiff at the address listed on his complaint – that is, the Carter County Detention Center [Doc. 1, 4]. That copy of the Court's Order was returned to

sender indicating that he is no longer at that facility [Doc. 5]. However, because Plaintiff provided his permanent home address to the Court in his complaint, the Clerk sent a second copy of the Court's Order to Plaintiff, this time to his home address, on April 28, 2017 [See unnumbered docket entry dated April 28, 2017]. Additionally, in order to give Plaintiff the best opportunity to respond, the Court also sent a copy of the Court's Order to the address of Plaintiff's nearest relative provided in his complaint [See unnumbered docket entry dated April 28, 2017]. Neither mailing has been returned to the Court. More than thirty days have now passed and Plaintiff has not filed a notice of change of address with the Court or responded to this Court's Order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissal party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond or comply is, in fact, the fault of the Plaintiff. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within fourteen (14) days of the change of address. E.D. Tenn. L. R. 83.13. The failure of a pro se party to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. E.D. Tenn. L.R. 83.13. Since the fault lies with Plaintiff, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal: since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, Plaintiff is **ASSESSED** the full filing fee of $400.00, and this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal,

he will be **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
